**IN THE SUPERIOR COURT OF SPALDING COUNTY**
**STATE OF GEORGIA**

RICHARD CARRUTHERS,

    Plaintiff,

v.

LAKEVIEW LOAN SERVICING, LLC.,
ASSIGNEE OF LOAN CARE SERVICING,
INC. VIA MORTGAGE ELECTRONIC
REGISTRATION SYSTEMS, INC. AS
NOMINEE FOR IMPAC MORTGAGE CORP.
DBA CASHCALL MORTGAGE, LOAN
CARE SERVICING CENTER, INC., DBA
LOAN CARE LOANCARE, LLC DBA
LOANCARE[1], JAMES E. ALBERTELLI, P.A.
DBA ALBERTELLI LAW AND ALAW, *et al*.

    Defendants.

E-filed for Record
4/10/2020 10:39 AM
Superior/State Court, Spalding County

Case No: 19-V-989

## LAKEVIEW LOAN SERVICING AND LOANCARE'S
## MOTION FOR JUDGMENT ON THE PLEADINGS

    COME NOW, Defendants Lakeview Loan Servicing, LLC, ("Lakeview") and LoanCare,

LLC ("LoanCare", collectively herein, Lakeview and LoanCare are referred to as "Defendants")

and move this Court to dismiss Plaintiff's Emergency Motion for Temporary Restraining Order

Without Notice (the "Complaint") pursuant to O.C.G.A. § 9-11-12(c). In support of this motion,

Defendants contemporaneously file their brief in support containing arguments and citation of

authorities.

---

[1] The style of the Complaint incorrectly identifies Lakeview Loan Servicing, LLC as an assignee
of LoanCare, LLC who is also incorrectly named as a Defendant in this action and is erroneously
identified "Loan Care Servicing Center, Inc., DBA Loan Care Loancare, LLC DBA Loancare".
LoanCare, LLC does not operate under the name "Loan Care Servicing Center" and submits that
no such independent entity exists.

1

WHEREFORE, Defendants pray for the following relief:

(a) That this Court grant its Motion for Judgment on the Pleadings upon a finding that the

Plaintiff has failed to state a claim upon which relief may be granted;

(a) Dissolve the temporary injunction enjoining foreclosure of the Property;

(b) And for such other relief as the Court finds good and Proper.

Respectfully submitted, this 10th day of April 2020.

*/s/ Bret J. Chaness*
BRET J. CHANESS (GA Bar No. 720572)
**RUBIN LUBLIN, LLC**
3145 Avalon Ridge Place, Suite 100
Peachtree Corners, GA 30071
(678) 281-2730 (Telephone)
(404) 921-9016 (Facsimile)
bchaness@rlselaw.com.com

*Attorney for Lakeview and LoanCare*

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that I have this 10th day of April, 2020, serve all parties in this matter with the foregoing by placing a true and correct copy of same in the United States Mail, with first-class prepaid postage affixed thereto, properly addressed as follows:

Richard Carruthers
23 Stillwater Trace
Griffin, Georgia 30223

Cory P. Sims
100 Galleria Parkway, Suite 960
Atlanta, Georgia 30339

*/s/ Bret J. Chaness*
BRET J. CHANESS (GA Bar No. 720572)

## IN THE SUPERIOR COURT OF SPALDING COUNTY
## STATE OF GEORGIA

RICHARD CARRUTHERS,

      Plaintiff,

v.

LAKEVIEW LOAN SERVICING, LLC.,
ASSIGNEE OF LOAN CARE SERVICING,
INC. VIA MORTGAGE ELECTRONIC
REGISTRATION SYSTEMS, INC. AS
NOMINEE FOR IMPAC MORTGAGE CORP.
DBA CASHCALL MORTGAGE, LOAN
CARE SERVICING CENTER, INC., DBA
LOAN CARE LOANCARE, LLC DBA
LOANCARE[1], JAMES E. ALBERTELLI, P.A.
DBA ALBERTELLI LAW AND ALAW, *et al*.

      Defendants.

**E-filed for Record**
**4/10/2020 10:39 AM**
**Superior/State Court, Spalding County**

Case No: 19-V-989

## LAKEVIEW LOAN SERVICING AND LOANCARE'S BRIEF IN SUPPORT OF THEIR MOTION FOR JUDGMENT ON THE PLEADINGS

      COME NOW, Defendants Lakeview Loan Servicing, LLC, ("Lakeview") and LoanCare,

LLC ("LoanCare", collectively herein, Lakeview and LoanCare are referred to as "Defendants")

and file this Brief in Support of Their Motion for Judgment on the Pleadings to dismiss Plaintiff,

Richard Carruthers' Emergency Motion for Temporary Restraining Order Without Notice[2] (the

"Complaint"), respectfully showing this Honorable Court as follows:

---

[1] The style of the Complaint incorrectly identifies Lakeview Loan Servicing, LLC as an assignee of LoanCare, LLC who is also incorrectly named as a Defendant in this action and is erroneously identified "Loan Care Servicing Center, Inc., DBA Loan Care Loancare, LLC DBA Loancare". LoanCare, LLC does not operate under the name "Loan Care Servicing Center" and submits that no such independent entity exists.

[2] On October 9, 2019 Plaintiff filed an Emergency Motion for Temporary Restraining Order seeking a preliminary injunction from this court. While to date Plaintiff has not filed any

## STATEMENT OF FACTS

The instant action is nothing more than Plaintiff's attempt to avoid foreclosure of the property located at 23 Stillwater Trace, Griffin, Spalding County, Georgia 30223 (the "Property"), despite admitting that he has failed to comply with the payment terms of the security deed encumbering the Property. Specifically, the Complaint states that on November 23, 2016,[3] Plaintiff obtained a loan in the amount of $430,0000.00 from IMPAC Mortgage Corporation DBA Cashcall Mortgage ("IMPAC"). Complaint, p. 2, 12.  As security for the debt, Plaintiff and Christi Carruthers executed a security deed which conveyed the Property to Mortgage Electronic Registration Services, Inc., solely as nominee for IMPAC. Complaint Ex. A. The security deed was recorded at Deed Book 4119, Page 39, Spalding County, Georgia records on December 12, 2016 (the "Security Deed"). The Security Deed was last Assigned to Lakeview Loan Servicing, LLC, via the Assignment of Security Deed recorded at Deed Book 4428, Page 128, Spalding County Georgia records (the "Assignment"). A true and correct copy of the Assignment is attached hereto as **Exhibit "1"**.[4]

---

Complaint or Petition in this Court relating to the matters upon which he seeks relief, Defendants file this Answer and Affirmative Defenses in abundance of caution.

[3] Plaintiffs Complaint contains what appears to be a transcription error. Plaintiff has attached the security deed that was executed in conjunction with the loan documents listing the date for the real estate transaction as November 23, 2016.

[4] This Court can take judicial notice of public records pursuant to O.C.G.A. § 24-2-201 without converting this motion to one for summary judgment. Although there are no Georgia cases on point, *see, e.g., Bank of Am., N.A. v. Johnson*, 299 Ga. 861, 864 n.3, 792 S.E.2d 704 (2016) (declining to address the question), federal courts do not hesitate to take judicial notice of public records. *See Goodrich v. Bank of Am., N.A.*, at *1 n.4 (N.D. Ga. May 20, 2015) (collecting cases). They do so using Fed. R. Evid. 201. *Bryant v. Avado Brands, Inc.*, 187 F.3d 1271, 1278 (11th Cir. 1999). Federal Rule 201 is identical to O.C.G.A. § 24-2-201, "[a]nd where the new Georgia [evidence] rules mirror their federal counterparts, it is clear that the General Assembly intended for Georgia courts to look to the federal rules and how federal appellate courts have interpreted those rules for guidance." *Parker v. State*, 296 Ga. 586, 592, 769 S.E.2d 329 (2015).

The terms of the Security Deed require the borrower to tender funds to the lender on a monthly basis for deposit in an escrow account that is used for the payment of property taxes. Complaint, p. 8. The Security Deed includes a provision stating that "Borrower shall pay Lender the Funds for Escrow Items unless lender waives Borrower's obligation to pay the Funds for any and all Escrow Items. Lender may waive Borrower's obligation to pay to Lender funds for any or all Escrow Items at any time. Any such waiver may only be in writing." Complaint, p. 8. Despite this obligation, Plaintiff, who is currently involved in a dispute with the Spalding County Tax Assessor over the value of assessed taxes, has been making incomplete mortgage payments which exclude the amount of this monthly escrow. Complaint, pp. 2-3.

Throughout his Complaint, Plaintiff attempts to excuse his admitted failure to pay by conflating his admitted mortgage default with allegations relating to a tax appeal he filed on June 25, 2018. Complaint, p. 3. Plaintiff acknowledges that upon filing the appeal, he did not notify Defendants that he disputed the amount of his current assessment nor claim that he sought any hold or modification of the terms of his mortgage regarding the calculation of the escrow payments based upon the dispute over the 2018 assessment. Complaint, pp. 3-4. Instead, Plaintiff sets forth a series of rambling assertions relating to his intentional submission of incomplete monthly mortgage payments that deliberately excluded the tax escrow amounts required by the terms of the Security Deed. Complaint, pp. 2-4. As a result of the delinquent payments, Plaintiff's escrow account lacked the necessary funds to cover the payment of his 2018 taxes, and upon the lenders payment of the assessment, Plaintiff's escrow account was overdrawn. Complaint, p. 3. In the two months following the tax payment, Plaintiff sent two more incorrect mortgage payments to Loancare. Complaint, p. 3.

Despite his intentional default on the terms of his loan, Plaintiff filed this action seeking an injunction to enjoin foreclosure of the Security Deed despite Plaintiff's established default. Complaint, *generally*. While the allegations of the Complaint are varied, including claims for tortious interference with contract, breach of contract, breach of good faith, wrongful foreclosure, and several attempts to challenge the Security Deed, the crux of all of these claims hinge on Plaintiffs' erroneous belief that the Defendants' refusal to permit a unilateral modification of the Security Deed constitutes some violation of his rights and entitles him immunity from foreclosure. Accordingly, Plaintiff's claims which lack any legal or factual foundation fail as a matter of law, and his Complaint must be dismissed in its entirety.

## ARGUMENT AND CITATION OF AUTHORITY

### A.    STANDARD OF REVIEW

A motion for judgment on the pleadings that does not rely on any material outside of the pleadings, such as this one, "is the equivalent of a motion to dismiss for failure to state a claim upon which relief can be granted." *Snooty Fox, Inc. v. First Am. Inv. Corp.*, 144 Ga. App. 264, 264, 241 S.E.2d 47 (1977). "A complaint fails to state a claim upon which relief can be granted and warrants dismissal or judgment on the pleadings 'only if . . . its allegations disclose with certainty that no set of facts consistent with the allegations could be proved that would entitle the plaintiff to the relief he seeks.'" *Bush v. Bank of New York Mellon*, 313 Ga. App. 84, 88, 720 S.E.2d 370, 374 (2011) (quoting *Benedict v. State Farm Bank, FSB*, 309 Ga. App. 133, 134, 709 S.E.2d 314, 316 (2011)). "At a minimum, a complaint must contain '[a] short and plain statement of the claims showing that the pleader is entitled to relief … and 'this short and plain statement must include enough detail to afford the defendant fair notice of the nature of the claim and a fair opportunity to frame a responsive pleading.'" *Speedway Motorsports, Inc. v. Pinnacle Bank,* 315

Ga. App. 320, 727 S.E.2d 151, 153 (2012) (quoting *Benedict*, 309 Ga. App. at 134, 709 S.E.2d at 316). In deciding a motion to dismiss, all "well-pled material allegations in the complaint" are treated as true. *Roberson v. Northrup*, 302 Ga. App. 405, 691 S.E.2d 547 (2010), though "[e]xhibits attached to a petition control over its general allegations." *Martin*, 140 Ga. App. at 898, 232 S.E.2d at 171 (1977).

**B.   PLAINTIFF'S TORTIOUS INTERFERENCE CLAIM FAILS AS A MATTER OF LAW**

Plaintiff's first enumerated count is for the Defendants' purported "tortious interference" of tax valuation appeal. Complaint, p. 7. In Georgia, a tortious interference requires an interference with a contractual right or a business relationship. The "elements of tortious interference with contractual relations, business relations, or potential business relations are: (1) improper action or wrongful conduct by the defendant without privilege; (2) the defendant acted purposely and with malice with the intent to injure; (3) the defendant induced a breach of contractual obligations or caused a party or third parties to discontinue or fail to enter into an anticipated business relationship with the plaintiff; and (4) the defendant's tortious conduct proximately caused damage to the plaintiff." *Blakey v. Victory Equip. Sales, Inc.,* 259 Ga. App. 34, 38, 576 S.E.2d 288, 292 (2002).

Here, Plaintiff fails to demonstrate the existence of any relationship or contract to be interfered with. The pending tax appeal at the center of his claims is neither a business relationship nor a contract. Instead Plaintiff's ad valorem tax appeal is a dispute with a governmental entity as to the valuation of his home and whether he is exempt from certain charges that are assessed as a matter of law by the state. There is simply no contract or relationship between Plaintiff and the state to be interfered with. Accordingly, Plaintiff's claim fails for its utter lack of a foundational precondition for his claim.

Moreover, even if this Court were to find some basis for the alleged interference, the Complaint itself fails to establish satisfaction of the foundational elements. Georgia law is clear that the Defendant in any tortious interference claim, "must be a stranger to both the contract and the business relationship giving rise to and underpinning the contract" for the conduct to be tortious interference. *Dalton Diversified, Inc. v. AmSouth Bank,* 270 Ga. App. 203, 209, 605 S.E.2d 892, 898 (2004). In the instant situation, Defendants payment of the assessed taxes on the Property would be within the scope of its rights under the Security Deed and cannot be considered an interference without privilege to any of Plaintiffs' rights or potential rights. Georgia Courts have long held that the exercise of an absolute legal right is not and cannot be considered interference with a contract or relationship. *Dalton Diversified, Inc. v. AmSouth Bank*, 270 Ga. App. 203, 209, 605 S.E.2d 892, 898 (2004).

Where a defendant has a legitimate interest in subject of the transaction, through a contract or a party, then he is not a stranger to the contract and is acting within his privilege. *Disaster Servs., Inc. v. ERC P'ship,* 228 Ga. App. 739, 741, 492 S.E.2d 526, 529 (1997). In this case, Defendant Lakeview as assignee of the Security Deed, holds legal title to the property that is the subject of the tax appeal. It is the holder of a first priority secured lien that encumbers the assessed property accordingly, Lakeview is not estranged from the property that is the subject of the interference and is therefore not acting without privilege. "Actions by a secured creditor exercising its contractual rights do[] not constitute the wrongful improper conduct necessary for this tort action; for liability, the defendant must have 'acted improperly and without privilege.'" *Dalton Diversified, Inc. v. AmSouth Bank,* 270 Ga. App. 203, 209, 605 S.E.2d 892, 898 (2004). Accordingly, Plaintiff's Tortious Interference Claim fails as to Lakeview.

Similarly, LoanCare as servicer of the loan, and a party in privity with Lakeview, cannot be deemed a stranger to the security deed. "Where a defendant has a financial interest in one of the parties to the contract or in the contract, the defendant is not a stranger to the contract or business relationship, even though it is not a signatory to the contract." *Renden, Inc. v. Liberty Real Estate*, Ltd. *Partnership III,* 213 Ga.App. 333, 336(2)(b), 444 S.E.2d 814 (1994). Since LoanCare services the loan on behalf of Lakeview, it has a business relationship with Lakeview which relates directly to Lakeview's interest in the subject property. LoanCare's relationship with Lakeview sufficiently connects it to the parties with an interest in the Property and it also cannot be considered a stranger to the Contact at the center of Plaintiff's claim. To be liable for tortious inference to a contract or a business relationship, the defendant must be a stranger to both the contract at issue and the business relationship giving rise to and underpinning the contract; thus, all parties to an interwoven contractual arrangement cannot be liable for tortious interference with any of the contracts or business relationships that underlie such contractual arrangement. *Dalton Diversified, Inc. v. AmSouth Bank*, 270 Ga. App. 203, 209, 605 S.E.2d 892, 898 (2004). With that established, it is clear that Defendants acted with privilege pursuant to their rights in the Security Deed and Plaintiff's claim fails upon its first element.

Moreover, Plaintiff cannot satisfy the requirement of intentional interference with his appeal, since, by his own admission he failed to provide any notice that he intended to or had appealed until after the purported interference. Specifically, Plaintiff states that he filed his appeal of the assessment on June 25, 2018. Complaint, p. 3. He then alleges that on October 15, 2018, he discovered that Defendants had tendered payment of the 2018 property taxes in the amount of $4,954.38. Complaint, p. 3. Only then does Plaintiff state that he "made immediate notice and demand to Defendant that it cease its interference between the Tax Assessor and the

Plaintiff." Complaint, p. 3. By his own admission, Plaintiff did not provide any notice to Defendants' whatsoever of his pending appeal or his dispute of the assessed value. In fact, he unequivocally establishes that he did not notice the Defendants of the tax dispute until October of 2018, nearly four months after the alleged appeal. Accordingly, Plaintiff's request that Defendants delay payment of the 2018 property tax assessment, after Defendants had already paid the assessment, could not have constituted the purposeful act with intent to injure that is required for Plaintiff's tortious interference claim.

Finally, Plaintiff's pleading does not demonstrate that any action by the Defendants to meet the damages requirement for his claim. The Complaint states that the "resolution of the [tax] appeal … remains pending at this distant date." Complaint, p. 7. Accordingly, Defendants' payment of the 2018 taxes has had no effect on him whatsoever. Having filed an appeal, Plaintiff is now subject to the decision of the authority reviewing his tax appeal. There are no allegations in the Complaint that Defendants' payment of the 2018 property taxes have caused the appeal to be dismissed, nor are there any claims that Defendants' tax payments have caused the tax authority to take any action that would have any effect on Plaintiff's future tax assessments. Plaintiff claims that the June 25, 2018 appeal caused a "stay in any tax due status." Complaint, p. 3. Thus, his filing of the appeal effectively prevented the establishment of a tax lien for his failure to pay, during the pendency of his appeal. Similarly, Defendants payment of the 2018 taxes has the effect of preventing the establishment of a tax lien for past due amounts. Accordingly, Plaintiff is in the exact same position following Defendants' payments that he was in prior to Defendants remittance of the tax assessed amounts. "Although allegations are taken as true, they must either explicitly or implicitly support the relief sought; otherwise a party fails to show why they are entitled to relief." *Northway v. Allen*, 291 Ga. 227, 229–30, 728 S.E.2d 624,

626 (2012). Plaintiff simply cannot demonstrate the requisite damages for his tortious interference claim. He cannot show that Defendants actions had any effect whatsoever on his tax appeal and his claim must be dismissed.

## C.   PLAINTIFF FAILS TO STATE A CLAIM FOR BREACH OF CONTRACT

Similarly, Plaintiff's claim for breach of contract lacks the facts necessary to make a good claim. "The elements for a breach of contract claim in Georgia are the (1) breach and the (2) resultant damages (3) to the party who has the right to complain about the contract being broken." *Canton Plaza, Inc. v. Regions Bank, Inc.,* 315 Ga. App. 303, 306(2012); *Duke Galish, LLC v. Manton,* 308 Ga.App. 316, 320(2) (2011). To establish a claim, a plaintiff's complaint must identify a contractual provision and demonstrate that the defendants' actions violated its terms. *Id.* In the instant action Plaintiff's claim for breach of contract hinges on two erroneous conclusions. First, Plaintiff asserts that Defendants' refusal to allow him to unilaterally modify the terms of repayment under the Security Deed constitutes a breach of his contractual rights. Complaint, *generally.* Second Plaintiff asserts that Defendants' actions in collecting payments for escrowed expenses and remitting payment of assessed taxes in accordance with the terms of the Security Deed somehow violates his rights thereunder. Neither of Plaintiff's contentions are correct nor his breach claim fails as a matter of law.

The first prong of Plaintiff's claim for breach of contract relies on the erroneous belief that, he is entitled to unilaterally modify the repayment terms of his loan. By Plaintiff's own admission, in November of 2018, he made an incorrect payment to Defendants which "did not include an impound for real estate taxes." Complaint, p. 3. He then admits that he made another, similarly incomplete, payment in December of 2018, and that "from January 2019 thru June 2019 [he] made copious volume of communication with Defendant" in an effort to convince

Defendants to accept his unilateral attempt at contractual modification. Complaint, pp. 3-4. Plaintiff goes on to reproduce a portion of paragraph 3 of the Security Deed which states: "Borrower shall pay Lender the Funds for Escrow Items unless lender waives Borrower's obligation to pay the Funds for any and all Escrow Items. Lender may waive Borrower's obligation to pay to Lender funds for any or all Escrow Items at any time. Any such waiver may only be in writing." Complaint, p. 8.

In Georgia, the law is clear that "[i]t is elemental that it is not possible to have a unilateral modification of a contract previously entered into between the parties." *Eden v. Eden*, 344 Ga. App. 864, 868, 812 S.E.2d 317, 321 (2018). Here, Plaintiff's factual allegations establish unequivocally, that his efforts to modify his monthly payment amounts were entirely unilateral. Further, he cites portions of the Security Deed which demonstrate that LoanCare and Lakeview acted within its rights both in tendering the tax payment and in refusing to permit him to change his payment amount. Accordingly, having established the Defendants' compliance and his own breach, Plaintiff has failed to plead the facts necessary to state a claim for breach of contract. The claim fails as a matter of law and must be dismissed. *Northway v. Allen*, 291 Ga. 227, 229–30, 728 S.E.2d 624, 626 (2012).

Moreover, the second prong of Plaintiff's breach claim is equally meritless. In his Complaint, Plaintiff contends that Defendants' collection of escrowed sums and payment of assessed real estate taxes violated the terms of the Security Deed by "creating a debt then forcing that debt upon Plaintiff against thread of foreclosure." Complaint, pp. 8-9. Importantly, the Plaintiff's own allegations establish conclusively the requirement that he tender monthly escrow payments to the lender. As discussed in the Complaint, the Security Deed requires that "Borrower shall pay Lender the Funds for Escrow Items unless lender waives Borrower's

obligation to pay the Funds for any and all Escrow Items." Complaint, p. 8. To that end, Plaintiff's contentions that the default on his loan is due to Defendants' collection of escrow payments and payment of real estate taxes falls flat. Having identified the provisions which require him to make the subject payments and having admitted that he intentionally did not make those payments, Plaintiff has established that his actions, and not the actions of Defendants form the breach of his contract. Complaint, p. 9. Thus, Plaintiff has failed to establish any breach on behalf of Defendants and his alternative breach of contract argument fails and the claim must be dismissed.

### D.   PLAINTIFF'S CLAIM FOR BREACH OF THE COVENANT OF GOOD FAITH FAILS FOR LACK OF FOUNDATION

In conjunction with his breach of contact claim, Plaintiff avers that Defendants have acted in bad faith through a "steadfast refusal [of his attempts to modify the contract and their actions in pursuit of], a non-judicial foreclosure against Plaintiff." Complaint, *generally*. Through this alternate argument, Plaintiff seeks to void the Security Deed altogether claiming that "Defendants lack of a good faith expectation that it would honor the terms of the Security Deed" make "the contract void ab initio." Complaint, p. 6, ¶ XIV. This claim fails to state any cause of action whatsoever and fails as a matter of law.

First, in Georgia the breach of the implied covenant of good faith and fair dealing does not constitute a ground for a stand-alone claim. It is well established that the implied covenant of good faith and fair dealing, implicit in every contract's performance and enforcement "modifies and becomes a part of the provisions of the contract, but the covenant cannot be breached apart from the contract provisions it modifies and therefore cannot provide an independent basis for liability." *Oconee Fed. Sav. & Loan Ass'n v. Brown*, 351 Ga. App. 561, 570, 831 S.E.2d 222, 231

(2019). Accordingly, having dispensed with the substance of Plaintiff's breach of contract claim, his count for breach of the covenant of good faith dissipates for lack of foundation.

Moreover, "[i]n Georgia, the law is clear that [t]here can be no breach of an implied covenant of good faith where a party to a contract has done what the provisions of the contract expressly give him the right to do." *Automatic Sprinkler Corp. of America v. Anderson*, 243 Ga. 867, 868, 257 S.E.2d 283 (1979)); *see also (Ceasar v. Wells Fargo Bank, N.A.,* 322 Ga. App. 529, 533 (2) (c), 744 S.E.2d 369 (2013)("Because the [borrowers] did not assert a breach of contract claim, their claim for breach of the implied covenant of good faith and fair dealing failed as a matter of law.")*; Heritage v. Creek Dev. Corp. v. Colonial Bank,* 268 Ga. App. 369, 374 (3), 601 S.E.2d 842 (2004) ("[i]nasmuch as [borrower] cannot prevail on its breach of contract claim it cannot prevail on a cause of action based on the failure to act in good faith in performing the contract."); *see also Alan's of Atlanta, Inc. v. Minolta Corp.,* 903 F.2d 1414, 1429 (IV) (11th Cir. 1990) ("The covenant [to perform in good faith] is not an independent contract term. It is a doctrine that modifies the meaning of all explicit terms ... de facto when performance is maintained de jure."). Therefore, this claim must also be dismissed.

## E.   PLAINTIFF'S ATTEMPTS TO STALL FORECLOSURE AND INVALIDATE THE SECURITY DEED MUST BE DISMISSED

Finally, the remaining allegations in Plaintiff's Complaint assert a hodgepodge of violations that each hinge upon Plaintiff's contentions that while he appeals his 2018 tax assessment, he is entitled to default on his mortgage obligations and also avoid foreclosure. The thrust of this argument is enumerated over the course of separate claims for wrongful foreclosure, unspecified violations of the Fair Debt Collections Practices Act, and negligent infliction of emotional distress. Complaint, pp. 10-17. In actuality, Plaintiff fails to establish that

he is entitled to relief on any of these claims and his attempts to dispute the Defendants' right to foreclose fail as a matter of law.

### i. Wrongful foreclosure

Though the claims contain some distinct allegations the common thread for each of them is Plaintiff's belief that he is entitled to make incomplete monthly mortgage payments without incurring a default on his loan. This premise fails completely and as a result, Plaintiff's claims that rely upon it also fail. First, Plaintiff lacks any facts to support Plaintiff's allegations of wrongful foreclosure whatsoever. In Georgia a "plaintiff asserting a claim of wrongful foreclosure must establish (1) a legal duty owed to it by the foreclosing party, (2) a breach of that duty, (3) a causal connection between the breach of that duty and the injury it sustained, and (4) damages." *Canton Plaza, Inc. v. Regions Bank, Inc*., 315 Ga. App. 303, 306 (2012); *Heritage Creek Dev. Corp. v. Colonial Bank*, 268 Ga. App. 369, 371(1) (2004); *Humphrey v. JP Morgan Chase Bank, N.A.*, 337 Ga. App. 331, 332–33 (2016). On October 22, 2019, this Court entered an Order enjoining the subject foreclosure sale and as a result, no foreclosure sale has taken place. "[A]s a matter of law, a plaintiff cannot state a claim for wrongful foreclosure when no foreclosure sale has taken place." *Sparra v. Deutsche Bank Nat. Tr. Co.*, 336 Ga. App. 418, 420 (2016); *Humphrey v. JP Morgan Chase Bank, N.A.,* 337 Ga. App. 331, 332–33 (2016); *Jenkins v. McCalla Raymer, LLC,* 492 Fed. Appx. 968, 972 (11th Cir. 2012) (concluding that "Georgia law requires a plaintiff seeking damages for wrongful foreclosure to establish that the property at issue was actually sold at foreclosure"). Accordingly, Plaintiff's claim for wrongful foreclosure fails on its face.

To the extent that Plaintiff seeks an equitable remedy to enjoin Defendants from foreclosing on the Property while his tax appeal remains pending, he is simply not entitled to the

relief he seeks. Beyond the fact that Plaintiff has failed to establish any claim that would permit either remedy, he is barred from seeking equitable relief for the simple reason that he has not fulfilled a major prerequisite for seeking equity. Under Georgia law, **all** equitable claims are barred by failure to tender. *See Taylor, Bean & Whitaker Mortgage Corp. v. Brown*, 276 Ga. 848, 849-50, 583 S.E.2d 844, 846 (2003); *see also Smith v. Citizens & S. Fin. Corp.*, 245 Ga. 850, 852, 268 S.E.2d 157 (1980); *Blake v. Bank of Am., N.A.*, No. 1:14-CV-3252-TWT, 2015 WL 4756773, at *8 (N.D. Ga. Aug. 12, 2015) (citations omitted). It is "necessary" for plaintiffs to allege that they "have tendered the amounts due on their loan . . . in order for the Court to have the ability to grant them equitable relief." *Cox v. Bank of Am. Corp.*, No. 1:15-CV-172-WSD, 2015 WL 5174013, at *12 (N.D. Ga. Sept. 3, 2015), *appeal dismissed* (Dec. 21, 2015) (citing *Stewart v. Suntrust Mortgage, Inc.*, 331 Ga. App. 635, 640-41, 770 S.E.2d 892, 898 (2015)).

Here, Plaintiff does not allege anywhere in the Complaint that he has tendered the amount due on the loan. Complaint, *generally*. Rather he alleges that he "has sought resolution of the dispute between itself [sic] and Defendant by offer to make [incomplete] payments of funds." Complaint, p. 7. Importantly, Plaintiff's offer to comply with his contractually required mortgage payments is not sufficient to constitute a tender of the actual mortgage payments. Without tendering payment, a Plaintiff who is in default on his loan obligations, cannot obtain injunctive relief because "[h]e who would have equity must do equity . . . ." O.C.G.A. § 23-1-10; see also *Walker v. JPMorgan Chase Bank, N.A.*, 87 Fed. R. Serv. 2d 795 (N.D. Ga. 2013). Therefore, this Court should find that Plaintiff is estopped from obtaining any judgment in equity that would invalidate his debt, and further this Court should dissolve the injunction enjoining a foreclosure sale of the Property.

### ii. Claim under the FDCPA

Next, Plaintiff's assertion of violations of the Fair Debt Collection Practices Act fails as well. The FDCPA provides a civil cause of action against debt collectors who violate the provisions of the Act. *Owen v. I.C. Sys., Inc.*, 629 F.3d 1263, 1270 (11th Cir. 2011). "To state a claim under the FDCPA, a plaintiff must establish each of the following elements: (1) that he was the object of 'collection activity' arising from 'consumer debt'; (2) that the defendant qualifies as a 'debt collector' under the FDCPA; and (3) that the defendant engaged in an act or omission prohibited by the FDCPA." *In re Ward*, 583 B.R. 558, 570 (Bankr. S.D. Ga. 2018); *Darrisaw v. Pennsylvania Higher Educ. Assistance Agency (PHEAA)*, 2017 WL 1377719, at *2 (S.D. Ga. Apr. 11, 2017).

Ignoring the fact that Plaintiff fails to plead sufficient facts to establish that Defendants are debt collectors, Plaintiff's allegation itself is insufficient. His FDCPA claim is wholly reliant on his displeasure that his billing statements continued to reflect the amount that he is contractually obligated to pay, rather than the amount that he prefers to pay. Complaint, p. 3. He neither disputes the amount of his debt nor the debt's validity. Instead, he asserts that he would like Defendants to modify his contractual obligations and asserts that Defendants' refusal somehow violated his rights. Complaint, *generally*. Accordingly, though the claim couches Defendants' actions as an attempt to collect an inaccurate and disputed amount, it is actually an admission that the amounts he has been billed are correct, but not to his liking. Complaint, p. 9. Thus, Plaintiff has failed to plead any action by Defendants that constitutes a violation of the FDCPA and his claim must be dismissed.

### iii. Negligent Infliction of Emotional Distress

Finally, Plaintiff attempts at various points in the Complaint to assert a claim for negligent infliction of emotional distress ("NIED"). Under Georgia law, an NIED claimant "must meet the requirements of the Georgia impact rule, which requires that he show that (1) he suffered a physical impact; (2) the physical impact caused him physical injury; and (3) the physical injury caused his mental suffering or emotional distress. *Kirkland v. Earth Fare, Inc.,* 289 Ga. App. 819, 821, 658 S.E.2d 433, 436 (2008). Importantly, Plaintiff's allegations regarding the alleged emotional distress do not satisfy the requirements. Following a rambling paragraph averring that a real estate appraiser visited the Property in June of 2019, and that the Property has been visited by individuals confirming whether the Property was occupied, Plaintiff claims that he has been harmed by" having the occupants of the home exposed to the presence of strangers on the property without notice and giving rise to fears of what sinister purpose those trespassers intend." Complaint, p. 11. He goes on to enumerate the various behaviors of his family members while completely failing to allege any impact upon himself.

Additionally, Plaintiff fails to allege that he has experienced any emotional distress whatsoever. Instead, his allegations of physical impacts relate to those experienced by the other members of his household. Complaint, p. 11. Plaintiff simply does not specify any act or omission that would give rise to a claim for relief nor does he claim to have suffered any damages. His pleading is deficient of any allegations that show why he is entitled to relief and he utterly fails to plead any allegations that demonstrate the purported claims—as such Plaintiff's Complaint fails as a whole and must be dismissed. *Northway v. Allen*, 291 Ga. 227, 229-231 (2012).

## **<u>CONCLUSION</u>**

For the foregoing reasons, Defendants pray that this Court grant their Motion for Judgment on the Pleadings and dismiss Plaintiff's claims with Prejudice.

Respectfully submitted, this 10th day of April 2020.

> */s/ Bret J. Chaness*
> BRET J. CHANESS (GA Bar No. 720572)
> **RUBIN LUBLIN, LLC**
> Avalon Ridge Place, Suite 100
> Peachtree Corners, GA 30071
> (678) 281-2730 (telephone)
> (404) 921-9016 (facsimile)
> bchaness@rlselaw.com

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that I have this 10th day of April, 2020, served the parties in this matter with the foregoing, by placing a true and correct copy of same in the United States Mail, with first-class prepaid postage affixed thereto, properly addressed as follows:

Richard Carruthers
23 Stillwater Trace
Griffin, GA 30223

Cory Sims
100 Galleria Parkway
Suite 960
Atlanta, Georgia 30339

*/s/ Bret J. Chaness*
BRET J. CHANESS (GA Bar No. 720572)

18

# EXHIBIT

# "1"

BOOK **4428** PAGE **128**

**Prepared By: Albertelli Law**
**Records and Return to:**
Albertelli Law
P O Box 23028
Tampa, FL 33623
JG - 19-014940

Return to: Dawn Tetlak/LRS
5455 Detroit Rd, STE B
Sheffield Village, OH 44054
440-716-1820

**MERS Phone: 1-888-679-6377**
**MIN#: 100859761001914081**

URS# 26018784

FILED & RECORDED
CLERK, SUPERIOR COURT
SPALDING COUNTY, GA.

2019 JUN 24  A  9: 41

BY _____ BB
DEBBIE L. BROOKS, CLERK

### ASSIGNMENT OF SECURITY DEED

FOR VALUE RECEIVED, the undersigned assignor ("Assignor"): Mortgage Electronic Registration Systems, Inc., as nominee for Impac Mortgage Corp. dba Cashcall Mortgage, its successors and assigns, whose address is P.O. Box 2026, Flint, MI 48501-2026, does hereby grant, bargain, assign, transfer and convey to the following assignee ("Assignee"): Lakeview Loan Servicing, LLC, whose address is 4425 Ponce De Leon Blvd., MS5-251, Coral Gables, FL 33146.

All of Assignor's right, title and interest under a certain Security Deed, dated November 23, 2016, made and executed by Cristi Carruthers and Richard Carruthers, to Mortgage Electronic Registration Systems, Inc., as nominee for Impac Mortgage Corp. dba Cashcall Mortgage, its successors and assigns, recorded on December 12, 2016 in Deed Book 4119 at Page 39, of the Real Estate Records of Spalding County, Georgia.

This assignment is made this **18** day of, June, 2019, without recourse to Assignor and without representation or warranty by Assignor, express or implied.

Signed and deliver in the presence of:

_____
Witness                    **DARCIE LYLE**

_____
Notary Public      **ASHLEY N. ROUSE**
My Commission Expires    7.31.21

Mortgage Electronic Registration Systems, Inc., as nominee for Impac Mortgage Corp. dba Cashcall Mortgage, its successors and assigns

By: _Shanee Harris_
    **SHANEE HARRIS**
Title:   ASSISTANT SECRETARY

By: _Linda Brown_   **LINDA BROWN**
Title:
    **ASSISTANT SECRETARY**

ASHLEY N. ROUSE
Notary Public
Commonwealth of Virginia
Registration No. 7768175
My Commission Expires 7.31.21

CORPORATE
SEAL