# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF GEORGIA
# NEWNAN DIVISION

| | |
|---|---|
| RICHARD CARRUTHERS, : | |
| : | |
| Plaintiff, : | |
| : | CIVIL CASE NO. |
| v. : | 3:20-cv-00108-TCB-RGV |
| : | |
| LAKEVIEW LOAN SERVICING, LLC *via* : | |
| *Mortgage Electronic Registration Systems*, : | |
| *Inc. as nominee for Impact Mortgage Corp.,*: | |
| *d/b/a Cashcall Mortgage assignee of* Loan : | |
| Care Servicing, Inc., *et al*., : | |
| : | |
| Defendants. : | |

## MAGISTRATE JUDGE'S FINAL REPORT, RECOMMENDATION, AND ORDER

On October 9, 2019, *pro se* plaintiff Richard Carruthers ("Carruthers") filed this action against Lakeview Loan Servicing, LLC via Mortgage Electronic Registration Systems, Inc. as nominee for Impact Mortgage Corp., d/b/a Cashcall Mortgage assignee of Loan Care Servicing, Inc. ("Lakeview"); Loan Care Servicing Center, Inc. d/b/a Loan Care and Loan Care, LLC d/b/a Loan Care (jointly referred to as, "Loan Care");[1] James E. Albertelli, P.A. d/b/a Albertelli Law and

---

[1] Lakeview and Loan Care assert that Carruthers has incorrectly identified Lakeview as an assignee of Loan Care and that Loan Care is also incorrectly identified as "'Loan Care Servicing Center'" since "no such independent entity exists." [Doc. 5 at 1 n.1]. The Court also notes that certain documents attached to

ALAW ("Albertelli"); unknown conspirators, affiliates, and agents; and Jane Does and Richard Roes, collectively referred to as "defendants," in the Superior Court of Spalding County, Georgia, seeking a temporary restraining order ("TRO") without notice and asserting claims premised on an alleged unlawful non-judicial foreclosure with regard to Carruthers' property located at 23 Stillwater Trace, Griffin, Georgia (the "property"). [Doc. 1-1 at 5-24]. Defendants Lakeview and Loan Care filed a notice of removal on June 12, 2020, and removed the action to the United States District Court for the Northern District of Georgia, Atlanta Division. [Doc. 1]. However, since the case involved property located in the Newnan Division of the Northern District of Georgia, the case was transferred to the Newnan Division on June 30, 2020. [Doc. 11]. Lakeview and Loan Care have filed a motion for judgment on the pleadings, [Doc. 5],[2] which Carruthers opposes, [Doc. 7], and he has also filed a "Motion to Strike the Answer of [Lakeview] and

---

Carruthers' complaint identify Loan Care as "LoanCare, LLC," [Doc. 1-1 at 50, 52, 56-57, 62], but for purposes of ruling on the pending motions, the Court will refer to this defendant as Loan Care consistent with Carruthers' complaint and the docket. The listed document and page numbers in citations to the record in this Final Report, Recommendation, and Order refer to the document and page numbers shown on the Adobe file reader linked to the Court's electronic filing database, CM/ECF.

[2] On October 15, 2020, Lakeview and Loan Care filed a second motion for judgment on the pleadings, [Doc. 21], in which they acknowledge that they "previously filed a [m]otion for [j]udgment on the [p]leadings in state court, prior to removal," and that "[t]his motion is similar but utilizes federal pleading standards in its arguments," [id. at 2 n.2 (citation omitted)].

2

[Loan Care] and to Strike [their] Motion for Judgment on the Pleadings," [Doc. 6 (emphasis and all caps omitted)], a "Motion in Opposition to the Answer of [Lakeview] and [Loan Care]," [Doc. 7 (emphasis and all caps omitted)], and a "Motion in Opposition to [Lakeview and Loan Care's] Notice of State Case Removal to United States District Court," [Doc. 13 (emphasis and all caps omitted)],[3] all of which Lakeview and Loan Care oppose, [Docs. 9 & 16]. Carruthers filed a reply in support of his motion to strike Lakeview and Loan Care's answer, [Doc. 14], and on October 15, 2020, Lakeview and Loan Care filed a motion to stay pretrial deadlines and discovery, [Doc. 22]. For the reasons that follow, Lakeview and Loan Care's motion to stay pretrial deadlines and discovery, [Doc. 22], is **GRANTED**,[4] and it is **RECOMMENDED** that Carruthers' motion to remand, [Doc. 13], be **GRANTED**, and that this case be **REMANDED** to the

---

[3] The Clerk has construed [Doc. 13] filed by Carruthers as a motion to remand and upon review of the motion, the Court will do the same.

[4] In the motion to stay, Lakeview and Loan Care seek a stay of their obligations to serve initial disclosures, participate in a Rule 26(f) conference, and prepare and file a report of that conference and a proposed discovery plan until after the Court rules on the pending motions. See [Doc. 22]. Upon consideration of the motion to stay, and in light of the Court's ruling in this Final Report, Recommendation, and Order, the Court hereby **GRANTS** the motion, [Doc. 22], and **ORDERS** that the parties' obligations to participate in a Rule 26(f) conference and to file initial disclosures and a joint preliminary report and discovery plan be stayed until the District Judge reviews this Report and Recommendation on the pending motions.

Superior Court of Spalding County, Georgia, and that all remaining motions, [Docs. 5, 6, 7, & 21], be **DENIED** as moot with leave to renew upon remand.

## I.   FACTUAL AND PROCEDURAL BACKGROUND

On November 23, 2016, Carruthers, along with Cristi Carruthers as joint tenants with rights of survivorship, obtained a loan in the amount of $430,000.00 from IMPAC Mortgage Corporation d/b/a Cashcall Mortgage ("IMPAC"), and as security for the debt, they executed a security deed conveying the property to Mortgage Electronic Registration Systems, Inc., solely as nominee for IMPAC. [Doc. 1-1 at 8, 25-26].[5]  The security deed was "ultimately assigned to . . . Lakeview[.]" [Id. at 72].

Carruthers alleges that the terms of the security deed provided "for the periodic monthly payments of principal and interest, and it require[d] the inclusion of payments for impounds to cover real estate taxes and home owner's insurance with payments beginning on January 1, 2017, monthly amount of $2,713.04," and that on March 7, 2017, he applied for a homestead exemption,

---

[5] The factual background is taken from the pleadings and supporting exhibits and does not constitute findings of fact by the Court.  Carruthers attached several documents to his complaint, see [Doc. 1-1 at 23-64], and the Court may consider these documents since they are "central to [Carruthers'] claim[s] and the authenticity of the document[s] is not challenged," Adamson v. Poorter, No. 06-15941, 2007 WL 2900576, at *2 (11th Cir. Oct. 4, 2007) (per curiam) (unpublished) (citations omitted); see also Clark v. Bibb Cty. Bd. of Educ., 174 F. Supp. 2d 1369, 1370 (M.D. Ga. 2001) (citation omitted).

4

"which was granted by the Spalding County Tax Assessor with a tax classification of L7, which resulted in a zero tax liability on the property for tax year 2017." [Id. at 8]. He asserts that he provided notice of his "new tax status" to "Defendant" and received a refund of "the tax impounds" on June 8, 2017, resulting "in a new periodic monthly payment of $2247.47." [Id. at 8-9]. Carruthers asserts that he later became aware that his 2018 tax status would not be continued under the terms of the 2017 tax year, and on June 25, 2018, he appealed the decision, "which would stay any tax due status." [Id. at 9]. He alleges that on October 15, 2018, he "became aware that Defendant had pre-emptively made [an] unsolicited payment of the disputed 2018 property taxes in the amount of $4954.38 to the detriment of [his] tax appeal[, ] creating an escrow shortage," and that he immediately notified "Defendant" "that it cease its interference between the Tax Assessor and [him.]" [Id.].

Carruthers alleges that he continued to make a periodic monthly payment in November 2018 that did not include an impound for real estate taxes, which "Defendant" accepted, but that his December 2018 monthly payment without impound for real estate taxes was not properly credited by "Defendant," though "it was applied in January 2019 in [an] incorrect accounting amount and in variance to the [s]ecurity [d]eed." [Id.]. Carruthers then asserts that on February 11, 2019, he "became aware that Defendant had pre-emptively made a second

unsolicited payment of the disputed 2018 property taxes in the amount of $4803.76, again to the detriment of [his] tax appeal and increasing the escrow shortage." [Id.]. He claims he again immediately notified "Defendant" that "it cease its interference between the Tax Assessor and [him.]" [Id. at 9-10].

Subsequently, Albertelli sent Carruthers a "Notice of Foreclosure Sale" dated September 26, 2019, notifying him that a foreclosure sale would be conducted on November 5, 2019, "[a]s a result of [his] default under the terms of the [s]ecurity [d]eed" and that the "entire amount of the outstanding principal balance, interest, and other authorized charges of the loan, ha[d] been declared, and [was] now, immediately due and payable in full." [Id. at 61 (all caps omitted)]; see also [id. at 10]. This notice also advised Carruthers that Lakeview was "the holder of the [s]ecurity [d]eed" and that the "entity who ha[d] full authority to negotiate, amend, or modify the terms of the loan [was Loan Care]." [Id. at 62].

On October 9, 2019, Carruthers filed an "Emergency Motion for [TRO] Without Notice" in the Superior Court of Spalding County, [Doc. 1-1 at 7-23 (emphasis and all caps omitted)], in which he sought to "enjoin the [d]efendants . . . from advertising, slandering the title of [his] property and conducting such sale under power pending an emergency hearing on the merits and such further relief as the court shall deem appropriate," [id. at 8]. Carruthers also asserted claims for "Tortious Interference by Defendant," "Breach of Contract by Defendant,"

Violation of the Fair Debt Collection Practices Act 'FDCPA' 15 USC 1692 et seq. by Defendant," and "Equity Stripping." [Id. at 13-18 (emphasis omitted)]. On October 11, 2019, a Gwinnett County Sheriff's Deputy served Lakeview and Loan Care with a copy of Carruthers' complaint and Rule Nisi, and on October 15, 2019, a Cobb County Sheriff's Deputy served Albertelli via "Corey Sims." [Id. at 2-6, 70, 75]. On October 21, 2019, the Honorable John C. Carbo, Senior Judge of the Superior Court of Spalding County, held a hearing on Carruthers' TRO, and on the following day, he entered an Order, granting his motion. [Id. at 71-74].

On November 13, 2019, Albertelli filed a protective answer, asserting, among other things, that Carruthers' complaint was "barred due to insufficiency of process and insufficiency of service of process as to [it]," [id. at 66-69]; see also [Doc. 2], and on November 20, 2019, Lakeview and Loan Care filed their answer and affirmative defenses to Carruthers' complaint, asserting in relevant part that Carruthers' complaint failed "for lack of personal jurisdiction," [Doc. 1-1 at 76-87]; see also [Doc. 3]. On April 10, 2020, Lakeview and Loan Care filed a motion for judgment on the pleadings, in which they moved the court to dismiss the complaint for failure to state a claim upon which relief may be granted. [Doc. 1-1 at 88-110]; see also [Doc. 5]. In response, Carruthers filed a motion to strike Lakeview and Loan Care's answer and motion for judgment on the pleadings on May 11, 2020, arguing that because they were served on October 11, 2019, their

7

answer filed on November 20, 2019, was untimely, and they were therefore in default. [Doc. 1-1 at 111-14]; see also [Doc. 6]. He also filed a "Motion in Opposition" to their answer and motion for judgment on the pleadings on the same day. [Doc. 1-1 at 115-43 (emphasis and all caps omitted)]; see also [Doc. 7].

On June 12, 2020, Lakeview and Loan Care filed a notice of removal and removed the action to the United States District Court for the Northern District of Georgia, Atlanta Division, based on federal question jurisdiction. [Doc. 1]. In the notice of removal, Lakeview and Loan Care assert that "[w]hile the record appears to show that [they] were served on October 11, 2019, there has never been a summons issued as to any [d]efendant in this action by the Clerk of the Superior County of Spalding County, Georgia" and that neither of them "have been served with process," nor have any other defendants in this action, and that removal was therefore timely. [Id. at 2]. On June 19, 2020, Lakeview and Loan Care filed a response in opposition to Carruthers' motion to strike, arguing that because they were never issued a summons by the Clerk of the Superior Court of Spalding County pursuant to O.C.G.A. § 9-11-4(a), service has not been properly perfected against them and their answer was therefore timely. [Doc. 9].

On June 30, 2020, this case was transferred to the Newnan Division of the Northern District of Georgia, where the property at issue is actually located. [Doc. 11]. On this same day, Carruthers filed a motion to remand, asserting that

8

Lakeview and Loan Care's notice of removal was not timely since they were served with the complaint and Rule Nisi, which served as a summons, on October 11, 2019, and then appeared in the Rule Nisi hearing, "argued the case and in doing so, joined the matter and submitted to the jurisdiction of the [s]tate [c]ourt" and "submitted to the jurisdiction of the [s]tate [c]ourt a second time by filing [their] (late) answer on November 20, 2019; and a third time by filing [their] motion for [j]udgment on the pleadings on April 10, 2020—six months after being served with Rule Nisi and [the c]omplaint," and that they were therefore properly "served and their actions serve to waive any valid challenge(s) to service, thus raising a claim challenging jurisdiction at this late date ought not be rewarded with a removal." [Doc. 13].  Carruthers also filed a reply in support of his motion to strike, arguing that Lakeview and Loan Care "admitted personal jurisdiction by failing to assert that the response [was] a protective answer" and that their "assertion denying personal jurisdiction [was] as hollow as their claim denying subject matter jurisdiction" and that "because their filings exceed the thirty day time period, . . . default has not been cured."  [Doc. 14].

On July 13, 2020, Lakeview and Loan Care filed a response in opposition to Carruthers' motion to remand, contending that because no summons was issued and the Rule Nisi cannot act as a summons since it failed to satisfy the form of a summons under O.C.G.A. § 9-11-4(b), service was not properly perfected against

9

them and their notice of removal was therefore timely. [Doc. 16]. On July 16, 2020, Albertelli filed a consent to removal, in which it certified that it joins in and consents to Lakeview and Loan Care's removal of this action, "without waiving any defenses, exceptions, or obligations that may exist in its favor in state court or federal court," [Doc. 17], and on October 15, 2020, Lakeview and Loan Care filed a second motion for judgment on the pleadings, [Doc. 21], which is identical to their previously filed motion, [Doc. 5], except "[t]his motion . . . utilizes federal pleading standards in its arguments," [Doc. 21 at 2 n.2].

## II. DISCUSSION

"'[A]ny action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant[s] . . . to the district court of the United States for the district and division embracing the place where such action is pending.'" PHH Mortg. Corp. v. Diamond, No. 1:06-CV-0673WSD, 2006 WL 839405, at *1 (N.D. Ga. Mar. 29, 2006) (first and third alterations in original) (quoting 28 U.S.C. § 1441(a)). "Only state-court actions that originally could have been filed in federal court may be removed[.]" Caterpillar Inc. v. Williams, 482 U.S. 386, 392 (1987) (footnote omitted). Federal courts have original jurisdiction over an action only if: "(1) the parties are diverse and meet the statutory requirements for diversity jurisdiction; (2) the face of the complaint raises a federal question; or (3) the subject matter of a putative state-law claim has

been totally subsumed by federal law such that the state-law claims are completely preempted." Stegeman v. Wachovia Bank, Nat'l Ass'n, No. 1:06-CV-0247-WSD, 2006 WL 870420, at *1 (N.D. Ga. Apr. 4, 2006) (citing Lontz v. Tharp, 413 F.3d 435, 439-40 (4th Cir. 2005)); see also Cotton v. Mass. Mut. Life Ins. Co., 402 F.3d 1267, 1280-81 (11th Cir. 2005).

Carruthers' complaint clearly asserts a claim arising under federal law over which the Court has original jurisdiction, and he does not contend otherwise. See, e.g., [Doc. 1-1 at 16-18]; see also [Doc. 1 at 3]. The Court also has supplemental jurisdiction over Carruthers' state law claims, all of which arise out of the same set of facts and circumstances as his federal claims. See 28 U.S.C. § 1367(a); Boone v. JP Morgan Chase Bank, 447 F. App'x 961, 963 (11th Cir. 2011) (per curiam) (unpublished) (citations omitted). Nevertheless, "28 U.S.C. § 1447 authorizes a plaintiff to seek remand of a removed case based on [] a . . . procedural defect" as well as a jurisdictional defect, Clark v. Unum Life Ins. Co. of Am., 95 F. Supp. 3d 1335, 1345 (M.D. Fla. 2015), adopted at 1340, and Carruthers has raised a procedural challenge to the removal of this case by arguing in his timely filed motion to remand that Lakeview and Loan Care's removal of this action was untimely, see [Doc. 13].[6]

---

[6] A motion to remand based on a procedural defect must be filed within thirty days of the filing of the notice of removal. See Wallace v. Kentucky Fried Chicken, Civil Action No. 08-248-KD-B, 2008 WL 4531773, at *4 (S.D. Ala. Oct. 9, 2008)

11

Specifically, "[i]n order to remove an action to federal court, a notice of removal must be filed within 30 days after the receipt by the defendant[s], through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action is based," Newman v. Wal-Mart Stores E., L.P., Civil Action No. 7:15-CV-165 (HL), 2015 WL 7258497, at *2 (M.D. Ga. Nov. 17, 2015) (citing 28 U.S.C. § 1446), and Carruthers asserts that because Lakeview and Loan Care were served with this action on October 11, 2019, their notice of removal of this action filed on June 12, 2020, is untimely and a remand is therefore warranted, see [Doc. 13]. Lakeview and Loan Care respond that because service of process has not yet been perfected on either of them, their notice of removal was timely filed. [Doc. 16]. Carruthers, however, points out that Lakeview and Loan Care filed their answer in state court on November 20, 2019, in which they failed "to assert that the response [was] a protective answer" and only raised a "hollow" denial of "personal jurisdiction," but did not raise insufficiency of service of process or insufficiency of process, and then filed a motion for judgment on the

---

(citation omitted) (noting that "a plaintiff has only 30 days from the notice of removal to file a motion to remand challenging any procedural defects, whereas the existence of subject matter jurisdiction may be challenged at any time"); Masterson v. Apotex, Corp., No. 07-61665-CIV, 2008 WL 2823944, at *1 (S.D. Fla. July 22, 2008) (citing 28 U.S.C. § 1447(c)) ("A plaintiff may move to remand an action on the basis of any defect in removal procedure, other than subject matter jurisdiction, within thirty days of removal."). Carruthers' motion to remand is timely as it was filed within 30 days from the date of the notice of removal. See [Docs. 1 & 13].

pleadings nearly five months later on April 10, 2020, in which they did not raise insufficient service of process or attempt to preserve their right to raise it, but instead sought a ruling on the merits of Carruthers' claims, and therefore, they waived any valid challenge to service, rendering their notice of removal untimely. [Doc. 14 at 5-7]; see also [Docs. 3 & 5]. The Court agrees with Carruthers.

Under both Georgia law and the Federal Rules of Civil Procedure, "the defenses of insufficient process and insufficient service of process are waived if not properly raised in a pre-answer motion or in the first responsive pleading." Ward v. Glynn Cty. Bd. of Comm'rs, CV 215-077, 2016 WL 4269041, at *6 (S.D. Ga. Aug. 11, 2016) (citing Fed. R. Civ. P. 12(b), (h)(1)-(2)); Eversole v. Eversole, 797 S.E.2d 481, 483 (Ga. 2017) (citing O.C.G.A. § 9-11-12(b)(4), (h)(1)). That is, "[u]nder Rule 12(h) of the Federal Rules of Civil Procedure, a defense of insufficient service of process is waived when the party wishing to exercise the defense fails to raise the defense in a Rule 12 motion or include it in a responsive pleading or in an amendment allowed by Rule 15(a)(1) as a matter of course," and similarly, "under Georgia law, failure to raise insufficiency of service either in the answer or by motion filed before or simultaneously with the answer constitutes a waiver of that defense[.]" Merritt v. Hanson Indus., CIVIL ACTION FILE NO. 1:12-cv-02182-SCJ-AJB, 2013 WL 12382756, at *7 (N.D. Ga. Jan. 22, 2013), adopted in part, rejected

in part on other grounds, 2013 WL 12382754, at *11 (N.D. Ga. Mar. 6, 2013) (citations and internal marks omitted).

Counsel for Lakeview, Loan Care, and Albertelli appeared for a hearing in state court on Carruthers' TRO on October 21, 2019, and while defendants' counsel addressed the court and made arguments for the denial of Carruthers' motion, [Doc. 1-1 at 71-74], the Court "cannot tell from the record . . . whether, at the . . . hearing, the defendants acted in a way that constituted a submission to the trial court's jurisdiction, on the one hand, or took exception to the service or the trial court's jurisdiction, on the other hand," since the "record contains no transcript of [the TRO] hearing or other evidence addressing this issue," and thus, the Court will assume that "no waiver of service [was] effected" by defendants' appearance at the October 21, 2019, hearing, Summers v. Wasdin, 788 S.E.2d 573, 576 (Ga. Ct. App. 2016) (citation omitted).[7]

Lakeview and Loan Care subsequently filed their answer and affirmative defenses in the Superior Court of Spalding County on November 20, 2019, in which they asserted that Carruthers' complaint failed to join a necessary party, to state a claim upon which relief could be granted, for lack of personal jurisdiction,

---

[7] However, in the order granting the TRO, the Superior Court of Spalding County specifically noted that "[w]hen questioned by the Court, counsel for [Lakeview, Loan Care, and Albertelli] asserted no other argument in support of [their] position, other than the provisions of paragraph 23 [of the deed to secure debt]." [Doc. 1-1 at 73 n.4].

for lack of subject matter jurisdiction, and to satisfy a condition precedent; that Carruthers was estopped from bring his claims by the doctrine of unclean hands; and that his claims were barred by the doctrine of laches. [Doc. 3]. The problem is that although Lakeview and Loan Care "raised the defense that [the] Court does not have personal jurisdiction . . ., [their] initial pleading did not specifically assert the defense of insufficient service of process." Bynum v. Clayton Cty. Pub. Sch., CIVIL ACTION FILE NO. 1:16-CV-1-MHC, 2016 WL 9460455, at *2 (N.D. Ga. June 13, 2016) (footnote omitted); see also [Doc. 3 at 3 ("Plaintiff's Complaint fails for lack of personal jurisdiction.")]. However, "objecting to personal jurisdiction is not sufficient to raise an objection to service of process under Rule 12" or Georgia law. Bynum, 2016 WL 9460455, at *2 (internal marks omitted) (quoting Hemispherx Biopharma, Inc. v. Johannesburg Consol. Invs., 553 F.3d 1351, 1360 (11th Cir. 2008)); Merry v. Robinson, 721 S.E.2d 567, 568-69 (Ga. Ct. App. 2011). Indeed, "[R]ule 12(b) enumerates seven defenses which may be asserted in a pre-answer motion or responsive pleading," with lack of personal jurisdiction, insufficient process, and insufficient service of process each being "listed as separate defenses," and "Rule 12(b)(5) would be redundant if [the Court] recognized an objection to personal jurisdiction as an acceptable means of challenging the sufficiency of service of process." Bynum, 2016 WL 9460455, at *3 (citations omitted). Likewise, O.C.G.A. § 9-11-12 tracks the language of Federal

15

Rule 12(b) and provides seven enumerated defenses and specifically explains that "[a] defense of lack of jurisdiction over the person, improper venue, insufficiency of process, or insufficiency of service of process is waived" if they are "neither made by motion . . . nor included in a responsive pleading, as originally filed." O.C.G.A. § 9-11-12(b), (h)(1)(B). "Simply put, a litigant must cite each separate . . . defense in the pre-answer motion or if no pre-answer motion is filed, then in the responsive pleading," and "[c]iting one . . . defense in the hope that it will sufficiently raise another defense is not permissible." Bynum, 2016 WL 9460455, at *3 (citation omitted). Thus, "[i]ncluding the defense of a lack of personal jurisdiction in [the] [a]nswer was not enough for [d]efendant[s] [Lakeview and Loan Care] to invoke a challenge to the sufficiency of service of process in this case," and "[b]ecause the service of process defense was waived once [they] filed [their] [a]nswer," id., their removal of this action is untimely and remand is required,[8] see Brown v. CoreCivic, Inc., Case No. 4:18CV2044, 2018 WL 5883991,

---

[8] Moreover, Lakeview and Loan Care did not challenge service of process or seek to preserve that defense by asserting it in their answer or in their motion for judgment on the pleadings, [Doc. 5], but instead sought an adjudication on the merits of Carruthers' claims, further indicating their intent to be subject to the jurisdiction of the state court, see Zeigler v. Beers, 412 F. Supp. 2d 746, 752 (N.D. Ohio 2005) (citations omitted) ("[A]ctive participation, for more than one year, after waiving defective service, unquestionably constitutes waiver of defective service and acquiescence to state court jurisdiction[.]"); Chavez v. Kincaid, 15 F. Supp. 2d 1118, 1125 (D.N.M. 1998) (quoting Scholz v. RDV Sports, Inc., 821 F. Supp. 1469, 1470 (M.D. Fla. 1993)) (internal marks omitted) ("A defendant waives its right to remove by proceeding to defend the action in state court or otherwise

16

at *4 (N.D. Ohio Nov. 9, 2018) (citation omitted) (holding that the 30-day period for filing a notice of removal commenced when defendants filed a motion to dismiss in state court without challenging service of process, thereby waiving their right to object to the sufficiency of service of process and their failure to file the notice of removal within 30 days of the waiver was "an absolute bar to removal"); Rodriguez v. Old Republic Ins. Co., CIVIL ACTION NO. 1:14-CV-3089-LMM, 2014 WL 12691614, at *3 (N.D. Ga. Dec. 17, 2014) (citation omitted) (remanding case to state court upon finding notice of removal was untimely where defendants "waived service when they (1) filed an answer without asserting insufficiency of service of process as a defense, and (2) did not file a pre-answer motion on that ground"); Zeigler, 412 F. Supp. 2d at 751 (holding that where the United States waived the defense of insufficiency of service of process by failing to raise it in a responsive pleading or motion, it could not raise defective service to excuse its untimely notice of removal).

---

invoking the process of the state court."); see also Banks v. Hous. Auth. of DeKalb Cty., 32 F. Supp. 3d 1296, 1299-1300 (N.D. Ga. 2014). Furthermore, while Albertelli filed a consent to removal on July 16, 2020, [Doc. 17], and it specifically asserted the defenses of insufficiency of process and insufficiency of service of process in its answer filed in state court on November 13, 2019, [Doc. 2 at 1-2], Albertelli's consent cannot "cure an untimely notice of removal filed by [Lakeview and Loan Care]," since it "consented to an untimely notice of removal, instead of filing [its] own notice," Bralich v. Sullivan, Civ. No. 17-00203 ACK-RLP, 2017 WL 4883221, at *8 (D. Haw. Oct. 30, 2017) (citation omitted).

## IV. CONCLUSION

For the foregoing reasons, Lakeview and Loan Care's motion to stay, [Doc. 22], is **GRANTED**, and it is **RECOMMENDED** that Carruthers' motion to remand, [Doc. 13], be **GRANTED** and that all remaining motions, [Docs. 5, 6, 7, & 21], be **DENIED AS MOOT** with leave to renew upon remand.

The Clerk is **DIRECTED** to terminate this referral.

**IT IS SO ORDERED**, **RECOMMENDED,** and **DIRECTED** this 19th day of October, 2020.

*Russell G. Vineyard*
RUSSELL G. VINEYARD
UNITED STATES MAGISTRATE JUDGE